IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, § § | |
| Plaintiff, § § | |
| v. § § | Civ. Action No. 3:19-CV-1926-E |
| KT2 LLC D/B/A CHEETAH 1 EXPRESS, § MARK DEMOND BROWN, AND § JONATHON HAROLD SWANSON, § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff National Casualty Company's Motion for Default Judgment against Defendant Jonathon Harold Swanson (Doc. No. 55). To avoid the possibility of inconsistent judgments, the Court **DENIES** the motion.

Plaintiff filed this suit for declaratory judgment against Swanson, Mark Demond Brown, and KT2 d/b/a Cheetah 1 Express (Cheetah) on August 13, 2019. The suit arises out of a November 2018 automobile accident that occurred in Illinois. Brown was allegedly injured while a passenger in a tractor owned by Cheetah and driven by Swanson. Plaintiff issued a Commercial Auto Policy to Cheetah that was in effect at the time of the accident. The Form MCS-90 Endorsement attached to the policy provides that the insurance "does not apply to injury or death of the insured's employees while engaged in the course of their employment." Plaintiff alleges that both Swanson and Brown were employed by Cheetah and acting within the scope of that employment at the time of the accident.

1

Plaintiff alleges that in an underlying state court lawsuit, Brown asserts Swanson and Cheetah are liable for his injuries. In the instant action, Plaintiff seeks a declaration that (1) it has no duty to defend Cheetah or Swanson in the underlying lawsuit; (2) it has no duty to indemnify Cheetah, Swanson, and Brown for claims arising from the accident and/or alleged in the underlying lawsuit; and (3) it has no obligations related to the accident under the Form MCS-90 Endorsement because the endorsement does not apply to the injury of the insured's employees.

Plaintiff had difficulty serving Swanson, a long-haul trucker who allegedly lives on the road. The Court need not go into the procedural details. Eventually, on Plaintiff's motion, the Court authorized substitute service on Swanson by publication in the *Fort Bend Herald and Texas Coaster* newspaper. Plaintiff asserts that publication of the citation for Swanson ran for four consecutive weeks in the newspaper. Swanson has not answered or otherwise responded.

On January 22, 2021, Plaintiff requested entry of default and a default judgment against Swanson. The Clerk made an entry of default on January 25, 2021. Plaintiff asks the Court to enter a default judgment declaring that (1) it has no obligation under the policy of insurance, or under the Form MCS-90 Endorsement attached to the policy, to defend or indemnify Swanson for any claims arising out of the accident, and (2) it has no obligation to provide coverage under the policy to Swanson for any claims he may assert arising out of the accident.

Federal Rule of Civil Procedure 55 provides the applicable procedure for obtaining a default judgment. *See* FED. R. CIV. P. 55. The following requirements must be satisfied: (1) a

party has failed to plead or otherwise defend against an action; (2) an entry of default must be entered by the clerk when the default is shown by affidavit or otherwise; and (3) a party may apply to the court for a default judgment after entry of default. *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, No. 3:13-CV-2175-G, 2013 WL 6231413, at *1 (N.D. Tex. Dec. 2, 2013).

Although the first two requirements have been met in this case, the Court declines to enter a default judgment against Swanson at this stage of the proceedings. Whether to enter default judgment is within the sound discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Id.* It is within a court's discretion to deny entry of default judgment when other parties are litigating the merits of the action and the defense "generally inures to the benefit of a defaulting defendant." *State Auto Prop. & Cas. Ins. Co. v. Bartlett*, No. 3:12-CV-1711-P, 2013 WL 12126271, at *2 (N.D. Tex. Sept. 20, 2013) (quoting *Lewis*, 236 F.3d at 768)). Courts have denied motions for default judgment to avoid the possibility of inconsistent judgments between the appearing and defaulting defendants. *Impala African Safaris*, 2013 WL 6231413, at *3; *see National Liability & Fire Ins. Co. v. Young*, No. 6:19-CV-031-H, 2020 WL 6122546, at *3 (N.D. Tex. Feb. 19, 2020) (declining to enter default judgment where insurance company sought declaration it owed no duty to defend or indemnify defaulting defendant and non-defaulting defendant denied allegation vehicle was not covered under policy); *Deutsche Bank Nat'l Trust Co. v. Rodriguez*, No. H-17-2483, 2018 WL 1475239, at *1 (S.D. Tex. Feb. 27, 2018) (Stacy, M.J.) (denying motion for default

judgment in declaratory judgment action where relief requested affects answering co-defendant), *adopting*, 2018 WL 1468707 (S.D. Tex. March 21, 2018).

Here, Defendant Brown has answered and asserts Plaintiff is not entitled to the declaratory relief it seeks. (The Court previously dismissed Plaintiff's claims against Cheetah without prejudice for lack of personal jurisdiction.) Brown denies Plaintiff's allegations that it has no duty to defend or indemnify under the policy. Entry of default judgment against Swanson at this time declaring that Plaintiff has no duty to defend or indemnify him could prejudice co-defendant Brown and result in inconsistent judgments. Accordingly, the Court denies Plaintiff's January 22, 2021 motion for default judgment without prejudice to reasserting the motion at a later date should it succeed in this declaratory judgment action against Brown.

**SO ORDERED.**

Signed April 8, 2021.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE